36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. ARNOLD; Irene Hill; James Weirick; Joseph B.
Weirick; Dorothy Rushton; et al., Plaintiffs-Appellants,
v.
HILLS, RENAUT, HOMEN & McCORMICK, an Accountancy
Corporation, et al., Defendants,
and
The Bank of America, Defendant-Appellee.
 No. 93-15569.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided Sept. 2, 1994.
 
 1
 Before: LEAVY, KLEINFELD, Circuit Judges, and VAN SICKLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I. The Securities Act and RICO Claims
 
 3
 The appellant investors sued the Bank of America, alleging the Bank aided and abetted violations of Sec. 10(b) of the Securities and Exchange Act and Rule 10b-5. After the appellate briefs were filed, the Supreme Court held that there is no private right of action for aiding and abetting under Rule 10b-5, for the reason that the words of section 10(b) do not provide for it. Central Bank of Denver v. First Interstate Bank of Denver, 114 S.Ct. 1439 (1994). Central Bank thus disposes of appellants' claims for aiding and abetting.
 
 
 4
 The appellants contend their allegations pursuant to RICO, 18 U.S.C. Sec. 1952(c) and (d), remain viable. They do not, because the appellants have argued their RICO claim is based on "predicate Securities Act violations." Following the decision in Central Bank, there can be no predicate Securities Act violations for aiding and abetting.
 
 
 5
 Moreover, the statute of limitations ran on the RICO claims. Whatever the Bank is alleged to have done wrong, it is undisputed that its alleged wrongs ended before the bankruptcies were filed in August of 1982. The first RICO claim was stated in a complaint filed on November 6, 1986. There is a four-year statute of limitations for RICO claims. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). That limitation period is to be applied retroactively. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1390-91 (9th Cir.1990).
 
 
 6
 We have held that the RICO statute of limitations begins to run "if [plaintiffs] had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir.1988). If there was sufficient information, the plaintiff is deemed to have had constructive knowledge. Id. The appellants present no evidence to contradict the fact that the filing of the bankruptcy claims put them on constructive notice of the facts underlying their RICO claims. The failure to set forth specific facts to show that the four-year statute of limitations had not run entitles the Bank to summary judgment. Id.
 
 
 7
 II. Oral Argument on the Motion for Summary Judgment
 
 
 8
 Local Rule 230(c) of the United States District Court for the Eastern District of California provides that a party whose written opposition to a motion for summary judgment is not timely filed will not be entitled to oral argument.[1] Appellants' counsel admitted their opposition was late. The district court ruled that there would be no oral argument on either side and that it would "take the matter under submission on the documents filed in a timely manner."
 
 
 9
 The appellants argue that "[t]he refusal to grant oral argument or to allow counsel to proffer an excuse or reason why documents were not filed in strict compliance with Local Rule should be viewed as an abuse of discretion."
 
 
 10
 "[F]ailure to grant oral argument is not reversible error in the absence of prejudice." Smith v. Retirement Fund Trust of Plumbing, Heating and Piping Indus., 857 F.2d 587, 592 (9th Cir.1988). The appellants do not argue that they were prejudiced in any way, and they failed to move for reconsideration on the issue. The district court did not abuse its discretion in light of the local rule and the lack of prejudice.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 230(c) states: "No party will be entitled to be heard in opposition to a motion at oral argument if written opposition to the motion has not been timely filed by that party."